**In re Frank P. ROBINSON, whose wife is M. Cleo Robinson, Bankrupt.**

**Dan PARISH, Plaintiff,**

v.

**Frank P. ROBINSON, whose wife is M. Cleo Robinson, and the community thereof, Defendants.**

**Bankruptcy No. B–79–229.**

United States Bankruptcy Court,
E. D. Washington.

April 19, 1982.

Jack R. Dean, Dean, Schwenker & Keane, Spokane, Wash., for plaintiff.

Carl Diana, Spokane, Wash., for defendant.

MEMORANDUM OPINION

JOHN M. KLOBUCHER, Bankruptcy Judge.

This matter came before the Court for trial on complaint to declare a debt non-dischargeable. The essential facts were previously tried before the Superior Court of the State of Washington, County of Spokane. That Court determined and entered the following Findings of Fact:

I.

On April 22, 1977, the plaintiff was beneficial owner of real property in the State of Idaho upon which standing timber was grown.

II.

On said date the defendant, FRANK ROBINSON, entered into a Contract with the plaintiff wherein he, the defendant, on behalf of himself and the marital community consisting of himself and his wife, agreed to log timber from plaintiff's property. The Agreement stated that the defendant was to pay to the plaintiff Sixty Dollars ($60.00) per One Thousand (1,000) board feet of lumber taken from said property.

III.

The logging by the defendant on plaintiff's property continued from about the end of June, 1977 through November of 1977 and into 1978.

## IV.

On March 21, 1978 the plaintiff demanded an accounting of the defendant. The defendant, at that time, made an accounting for 905,000 board feet of timber cut and gave to the plaintiff his Promissory Notes totaling Forty-Four Thousand Three Hundred Fifty Dollars ($44,350.00) allegedly representing the full and complete accounting of timber taken by the defendant.

## V.

At said time and place a false representation was made by the defendant, which representation was fraudulent in that at the time of the alleged accounting the defendant represented that the figures he gave to the plaintiff to account to the plaintiff for plaintiff's lumber taken from plaintiff's land was, in fact, an accurate accounting. Said accounting was not accurate in that the defendant failed to account for 256,740 board feet of timber that he actually took from the land of the plaintiff under the Contract referred to herein, which said 256,740 board feet was not accounted for at the time the alleged full and complete accounting was made. Because of the circumstances defendant knew, or should have known, that the accounting was not accurate and correct and complete and because at said time and place the defendant knew he did have the proper information to make an accurate and complete and correct accounting, but due to the circumstances then existing between the parties, the defendant was bound and is bound by the falsity of the representations so made.

## VI.

The plaintiff is entitled to additional compensation for the timber for which he had not received a true and correct accounting, together with interest on the Notes previously given, together with attorney's fees and his costs and disbursements.

The plaintiff, Parish, seeks to have the debt declared non-dischargeable to the extent of $15,354.40, which is the amount of money he was to receive from the timber not accounted for by the bankrupt, Robinson, in the accounting rendered March 21, 1978.

These proceedings were commenced prior to the enactment of the Bankruptcy Reform Act and are therefore governed by the provisions of the prior Act. Section 17 of the prior Bankruptcy Act (11 U.S.C. § 35) provides in pertinent part as follows:

a. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . .

(2) are liabilities for obtaining money or property by false pretenses or false representations, . . . or for willfull and malicious conversion of the property of another;

.     .     .     .     .

(4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity;

Obviously, the first part of the subsection referred to above is not applicable because Robinson did not "obtain" either the timber or the money as a result of the fraudulent misrepresentations found by the State Court Judge.

However, this Court believes the facts to substantiate a willfull and malicious conversion of Parish's property in the form of proceeds received from sale of the lumber and further believes the facts to substantiate a fraud, embezzlement, misappropriation or defalcation while acting in a fiduciary capacity.

The Court is not unmindful of those cases submitted by the defendant which indicate that failure to render an accounting on a contractual obligation does not of itself fulfill the requirements of nondischargeability. I believe the relationship between the parties in each of those cases, however, to be distinguishable from the case at bar.

The Court believes that the contract in question inherently anticipates that Parish was to be paid from the proceeds of sale of the timber.

Finding V. specifically refers to "... plaintiff's lumber taken from plaintiff's land ...."

Although the precise terms of the contract were somewhat vague as presented at trial such contracts are not uncommon in the trade in this community. The nature of the contract leads this Court to the conclusion that Robinson was an agent for the purpose of cutting the timber and selling the resulting lumber. He was to remit a portion of the sale proceeds to Parish and was to retain the remainder. His personal retention and use of the entire proceeds constituted a willful conversion of the funds belonging to Parish.

Parish, by accepting the promissory notes in the amount of $44,350.00 admittedly waived the conversion as to that amount and does not seek to avoid its dischargeability by this action. He did not, however, waive his right to challenge the dischargeability of the proceeds that were deliberately concealed by Robinson.

Robinson's failure to account for those funds constituted a misappropriation while acting in a fiduciary capacity. Relief as prayed for will be granted to the plaintiff.

In light of the foregoing which the Court adopts as its Findings of Fact and Conclusions of Law pursuant to Federal Rules of Bankruptcy Procedure 752 it is:

ORDERED that counsel for the plaintiff submit an Order in conformity with the foregoing.